**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
IN ADMIRALTY**

**CASE NO.: 21-cv-10028-JLK**

**WANESHA WRIGHT, individually,
MELINDA SMITH, her wife,**

    **Plaintiffs,**

v.

**KEY WEST JETSKI, INC, a Florida
corporation, SUNSET WATERSPORTS, INC.,
a Florida corporation, and CONNOR
KWASNIEWSKI, individually,**

    **Defendants.**
_____/

**PLAINTIFFS' MOTION TO REMAND TO STATE COURT
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs WANESHA WRIGHT and MELINDA SMITH, by and through undersigned counsel, hereby file their Motion to Remand to State Court.

### INTRODUCTION

**This Court should remand this action to Florida state court because neither basis for removal asserted by Defendant is appropriate. Under the "forum defendant rule" codified in 28 USC §1441(b)(2), Plaintiffs' Florida state court action may not be removed for diversity of citizenship because <u>all defendants to this action are Florida citizens</u>. Additionally, pursuant to the "savings to suitors" clause within 28 USC §1333, Plaintiffs have the absolute right to pursue their claims in state court even if the claims could fall in admiralty jurisdiction.**

### FACTUAL BACKGROUND

1. This matter stems from a jet ski collision that occurred just off Key West on June 28, 2020.

2. At the time of the collision, Plaintiffs WANESHA WRIGHT and MELINDA SMITH were participating in a guided jet ski tour operated and managed by Defendants KEY WEST JETSKI, INC. (hereinafter "KWJI") and SUNSET WATERSPORTS, INC. (hereinafter "SWI").

During the tour, Defendant CONNOR KWASNIEWSKI, an employee of Defendants KWJI and SWI, crashed his jet ski into Plaintiff WANESHA WRIGHT's hand, resulting in a gruesome partial amputation and crush injury to her third (middle) finger in her dominant right hand.

3. Prior to the jet ski tour, Defendants violated numerous Florida Statutes and the Florida Administrative Code by failing to provide Plaintiffs with mandatory training, instruction, and evaluation prior to renting them a jet ski.

## PROCEDURAL HISTORY

4. On January 20, 2021, Plaintiffs filed their Complaint against Defendants KWJI, SWI, and CONNOR KWASNIEWSKI in the Circuit Court of Monroe County, Florida (Case No. 2021-CA-000042-K).

5. On February 23, 2021, Defendants KWJI and CONNOR KWASNIEWSKI filed their Notice of Removal in the present Court. [DE 1]. As grounds for removal, Defendants KWJI and CONNOR KWASNIEWSKI asserted (1) there is diversity of citizenship under 28 USC 1332, because both Plaintiffs are residents of Georgia while all Defendants are residents of Florida, and (2) this action falls under admiralty jurisdiction under 28 USC §1333.

## ARGUMENT AND MEMORANDUM OF LAW

a. **Under the "forum defendant rule" codified in 28 U.S.C. §1441(b)(2), Defendants may not remove this action to federal court because <u>all three defendants reside in Florida</u>.**

6. Defendants assert that removal is appropriate for diversity of citizenship under 28 U.S.C. §1441(b). However, Defendants fail to address, and completely ignore, 28 U.S.C. §1441(b)(2), which provides as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

7. Federal courts refer to 28 U.S.C. §1441(b)(2) as the "forum defendant rule." The U.S.

District Court for the Southern District of Florida has explained this rule as follows:

> Under the forum defendant rule, diversity jurisdiction will not support removal if any of the properly joined and served defendants are citizens of the state in which the suit was originally filed. *U.S. Bank N.A. v. Walker*, No. 19-14037-CIV, 2019 WL 3428574, at *2 (S.D. Fla. May 6, 2019)(citing *Plombco Inc. v. TBC Retail Grp., Inc*., 2013 WL 5863571, at *1 (S.D. Fla. Oct. 31, 2013)). Thus, even though a federal court may have original jurisdiction over an action, the forum defendant rule forbids removal. *Id*. (citing Masterson v. Apotex, Corp., 2008 WL 2047979, at *1 (S.D. Fla. May 13, 2008)).

8. The reasoning behind the "forum defendant rule" is clear. Removal based on diversity of citizenship is intended to protect out-of-state defendants from possible prejudices in state court. *See Tosco Corp. v. Cmtys. for a Better Env't*., 236 F.3d 495, 502 (9th Cir.2001)("The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant.") Any attempt by Florida-based defendants to remove to federal court from a Florida state court defies the intent behind diversity jurisdiction and can only be perceived as forum shopping.

9. The "forum defendant rule" bars removal where only one Defendant resides in Florida. In the present case, <u>all three Defendants reside in Florida</u>. As alleged in Plaintiffs' Complaint, Defendants KWJI and SWI are both Florida corporations, residing in Florida, and headquartered in Florida. *See Plaintiffs' Complaint attached as Exhibit "A," ¶ 6, 9; see also Florida Department of State Corporate Profile for KWJI, attached as Exhibit "B", and SWI, attached as Exhibit "C."* Additionally, as alleged in Plaintiff's Complaint, Defendant CONNOR KWASNIEWSKI was and is a resident of Florida at all relevant times. *(See Plaintiffs' Complaint, ¶ 13).*

10. Defendants may argue that the "forum defendant rule" does not bar removal because there is an independent basis for removal: federal admiralty jurisdiction. In other words, Defendants may argue that this action is not "otherwise removable solely on the basis of section 1332(a) [diversity jurisdiction]" as required by 28 U.S.C. §1441(b)(2). This argument fails because, as

provided in detail in the sections below, <u>Defendants may not remove this case on the basis of federal admiralty jurisdiction under well-settled 11th Circuit law</u>.  Therefore, this action is not "otherwise removable," and the "forum defendant rule" applies.

        **b.**        **Under the "savings to suitors" clause within 28 U.S.C. §1333, Defendants may not remove this action on the basis of federal admiralty jurisdiction.**

      11.      "[T]he Saving to Suitors Clause provides that 'the district courts shall have original jurisdiction, exclusive of the courts of the States, of: [a]ny civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>.'" *Royal Caribbean Cruises, Ltd. v. Whitefield ex rel. Martinez*, 664 F. Supp. 2d 1270, 1276 (S.D. Fla. 2009)(quoting 28 U.S.C. §1333).

      12.      "[T]he saving to suitors clause 'preserves the historical concurrent jurisdiction of state and federal courts regarding maritime claims where the common law is competent to provide a remedy.'" *Bonner v. Axis Ins. Co.*, No. 18-CIV-14306, 2018 WL 6620508, at *2 (S.D. Fla. Oct. 18, 2018)(quoting *Pierce v. Parker Towing Co.*, 25 F. Supp. 3d 1372, 1375 (S.D. Ala. 2014). "[T]he law provides two options to a plaintiff with a claim arising from a transaction over which a federal court has admiralty jurisdiction: plaintiff 'may either avail himself of federal admiralty jurisdiction or sue at law in state court.'" *Id*. (quoting *Vincent v. Regions Bank*, 2008 WL 5235114 (M.D. Fla. 2008).

      13.      In *Bonner*, the plaintiff sued his insurer in Florida state court for failing to provide insurance coverage for his boat under a maritime insurance policy. *Id*. at *1. Subsequently, the defendant removed the state court proceeding to federal court, asserting admiralty jurisdiction. *Id*. at *1.  The district court acknowledged that admiralty jurisdiction existed because the insurance policy was a maritime contract. *Id*. at *2. However, the district court held that removal based on admiralty jurisdiction was improper and ordered that the case be remanded pursuant to the "saving to suitors" clause as follows:

> Plaintiff Bonner has chosen the latter option [filing in state court], and this Court may not accept removal of this saving to suitors clause case unless another independent basis for federal jurisdiction exists. See *Armstrong v. Ala. Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982)("a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: **the maritime nature simply does not provide a ground for federal jurisdiction**")(citing *Romero v. International Terminal Operating Company*, 358 U.S. 354 (1959)). *Id*. at *2.

14. Similarly, in *Aviles v. Avis Rent-A-Car Sys., Inc.*, No. 605CV1024ORL19DAB, 2005 WL 8159795 (M.D. Fla. Sept. 12, 2005), the plaintiff filed a personal injury action in Florida state court stemming from injuries he sustained on a merchant vessel. *Id*. at *1. The defendant timely removed to federal court on the basis of admiralty jurisdiction. *Id*. Citing the "saving to suitors" clause, the district court remanded the case to state court as follows:

> "Thus, under the reasoning of *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959), a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature." *Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982). *Id*. at 2.
>
> If, however, removal were permitted based simply on admiralty jurisdiction alone, Defendants in all maritime cases could defeat the choice of forum and remedies protected by the savings-to-suitors clause. Thus, removal based solely on admiralty jurisdiction is improper. *Id*. at 2.
>
> Because Plaintiffs in the instant case elected to bring their claims in state court, this Court remands those claims in accordance with the saving-to-suitors clause of 28 U.S.C. §1333 and in the absence of any substantial independent federal question or diversity of citizenship. *Id*. at 3.

15. In the present case, Plaintiffs elected to bring their claims in Florida state court. 11th Circuit law clearly instructs that "a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature." *Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982). Accordingly, Defendants may not remove this matter on the basis of admiralty jurisdiction, and admiralty jurisdiction is not an independent basis for removal under the "forum defendant rule" within 28 U.S.C. §1441(b)(2).

16. The issues in the present case are virtually identical to the issues in the case of *Int'l Marine Underwriters v. S. Drydock, Inc.*, No. 3:16-CV-220-J-39MCR, 2016 WL 11431679 (M.D.

Fla. Nov. 17, 2016). There, the defendant removed a state court action to the Middle District of Florida on the basis of both (1) diversity of citizenship and (2) admiralty jurisdiction. Like in the present case, the defendant was a Florida corporation, and the case fell under admiralty jurisdiction. The defendant argued that, although it was a Florida corporation, the "forum defendant rule" should not apply because admiralty jurisdiction was an independent basis for removal. The district court rejected the defendant's arguments and remanded the case to state court as follows:

> Defendant's argument that the case is not precluded from removal under the forum-defendant rule because removal in the instant case is not based solely on the jurisdiction under Section 1332(a), but also under 28 U.S.C. § 1333 [admiralty jurisdiction] is misguided, and to accept Defendant's argument would mean to "permit the very occurrence the Supreme Court attempted to avoid in *Romero*-the evisceration of the savings clause." *Id*. at 4 (quoting *Cassidy v. Murray*, 34 F. Supp. 3d 579, 583 (D. Md. 2014) (citing *Romero*, 358 U.S. at 371-72). *Id*. at 4.
>
> *See, e.g., Sparanza v. Leonard*, 925 F. Supp. 2d 266, 269-72 (D. Conn. 2013) (remanding case to state court where removal was improper under the "saving to suitors" clause although complete diversity existed because removal was also improper under the forum-defendant rule); *Barglowski v. Nealco Int'l, LLC*, No. 16-00209, 2016 WL 5107043, at *3-8 (D. Haw. Sept. 20, 2016) (same). *Id*. at 4.

## CONCLUSION

17. Defendants have asserted two grounds for removal, both of which fail under well-settled 11th Circuit law. In asserting diversity of citizenship jurisdiction, Defendants ignore the "forum defendant rule" and seek to frustrate the purpose of removal in favor of forum shopping. In asserting admiralty jurisdiction, Defendants seek to ignore the "saving to suitors" clause and 200+ years of jurisprudence. Defendants' arguments have been tested in identical cases and have been rejected. Accordingly, this Court should grant Plaintiffs' Motion to Remand.

WHEREFORE, for the foregoing reasons, Plaintiffs WANESHA WRIGHT and MELINDA SMITH respectfully request that this Court grant their Motion to Remand this action to Monroe County Circuit Court, and all other relief that this Court deems just.

## GOOD FAITH CONFERENCE CERTIFICATION

The undersigned hereby certifies that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion by email but has been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 25th day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

By: /s/ Justin B. Shapiro
**Justin B. Shapiro, Esquire** (F.B.N. 92036)
Email: shapiro@leesfield.com
**Adam Rose, Esquire** (F.B.No. 15903)
Email: rose@leesfield.com

## SERVICE LIST

| | |
|---|---|
| **Justin B. Shapiro, Esq.** <br> **(F.B.N. 92036)** <br> Email: shapiro@leesfield.com <br> **Adam Rose, Esq.** <br> **(F.B.N. 15903)** <br> Email: rose@leesfield.com <br> **LEESFIELD SCOLARO, P.A.** <br> 2350 South Dixie Highway <br> Miami, FL 33133 <br> Tel: 305-854-4900 <br> Fax: 305-854-8266 <br> *Attorneys for Claimants* | **Neil Evan Bayer, Esq.** <br> **(F.B.N. 615684)** <br> Email: neil@cjclaw.com <br> **Chase Alexandra Jansson, Esq.** <br> **(F.B.N. 1002265)** <br> Email: chase@cjclaw.com <br> **Campbell Johnston & Clark, LLP** <br> Douglas Center <br> 2600 S. Douglas Road <br> Suite 508 <br> Coral Gables, FL 33134 <br> Tel: 786-204-3784 <br> *Attorneys for Petitioner* |